```
              UNITED STATES DISTRICT COURT
                        FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


CYNTHIA SANDS,                        :
                                      :
         Plaintiff                    :   No. 4:01-CV-1475
                                      :
    vs.                               :   Complaint Filed 08/03/01
                                      :
SHERRY WAGNER, DONALD W. KLINE, II,   :
STAT NURSE, INC., STAT HEALTH         :   (Judge Muir)
SERVICES, INC., GUARDIAN HEALTH       :
SERVICES, INC., TRIAGE STAFFING       :
INC., and GHS HEALTHCARE INC.,        :
                                      :
         Defendants                   :
```

<u>ORDER</u>

November 28, 2005

 THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

 On November 14, 2005, we issued an order in which we denied a motion filed by Plaintiff Cynthia Sands to conduct discovery. In the background of that order we stated that Sands had not filed a reply brief in connection with that motion.  Our statement was erroneous because on October 28, 2005, Sands had timely filed such a brief.

 On November 22, 2005, Sands filed a motion for reconsideration of the November 14, 2005, order because our analysis failed to consider the arguments presented in her reply brief.  We will rule on the motion for reconsideration without requiring the filing of any briefs because we have all of the information necessary to rule on the motion.

 Our reasoning in the November 14, 2005, order for denying

the motion for discovery was as follows:

> The discovery sought by Sands relates primarily to financial status of the entities described in her motion and supporting brief.  Although the discovery she seeks to pursue may well relate to her ability to collect any judgment she may obtain, the discovery does not appear to address any substantive issue in the case.  In her brief, Sands does not cite a single case, statute, rule, or authority in support of her motion.
> Under these circumstances, it appears as though Sands's motion is premature because the discovery she seeks would be available to her, if ever, only after a favorable judgment is obtained by her. See Fed.R.Civ.P. 69.  For that reason we will deny her motion.

(Order of November 14, 2005, pp. 2-3) Our statements and conclusions were accurate based on the briefs we had considered.

However, in her reply brief Sands argues for the first time that the discovery she seeks is relevant to determining what amount of punitive damages should be assessed against certain defendants.  A court is authorized to disregard arguments raised for the first time in a reply brief. See Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 998 F. Supp. 447, 458 (D. N.J. 1998)(Wolin, J.)(argument raised for first time in reply brief stricken).  However, such action here would be harsh because Sands's argument concerning punitive damages has potential merit, there is a significant amount of money at issue in this case, and any prejudice to the Defendants may be cured by allowing them to file a sur-reply brief in connection with Sands's motion for leave to conduct limited discovery.

We will grant Sands's motion for reconsideration, vacate our

order of November 14, 2005, and provide the Defendants an opportunity to file a sur-reply brief.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Sands's motion (Document 340) for reconsideration of our order dated November 14, 2005, is granted.
2. Our order of November 14, 2005, is vacated.
3. The Defendants may, within 20 days after the date of this order, file a sur-reply brief in connection with Sands's motion for leave to conduct discovery.

s/Malcolm Muir<br>MUIR, U.S. District Judge

MM:ga