```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

CYNTHIA SANDS,                        :
                                      :
          Plaintiff                   :   No. 4:01-CV-1475
                                      :
     vs.                              :   Complaint Filed 08/03/01
                                      :
SHERRY WAGNER, DONALD W. KLINE, II,   :
STAT NURSE, INC., STAT HEALTH         :   (Judge Muir)
SERVICES, INC., GUARDIAN HEALTH       :
SERVICES, INC., TRIAGE STAFFING       :
INC., GHS HEALTHCARE INC., Nordic     :
Investments, TIR Partners, and        :
Guardian Nursing Services, Inc.,      :
                                      :
          Defendants                  :

ORDER

December 20, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The following motions are currently pending in this case: 1) a motion filed on October 7, 2005, by Plaintiff Cynthia Sands to conduct additional discovery; 2) a motion filed on November 2, 2005, by Defendant Donald W. Kline, II, and the corporate Defendants associated with him to bifurcate the trial; 3) a motion filed by those same Defendants on November 21, 2005, to designate an additional expert witness; and 4) a motion filed by Defendant Sherry Wagner on November 23, 2005, to amend her counterclaim. For the following reasons, we will withhold ruling on those motions.[1]

---

1. Briefing has been completed with respect to Sands's motion to conduct discovery. Additional briefs are to be filed in
(continued...)

All of the claims brought by Plaintiff Cynthia Sands (hereinafter "Sands") in this case stem from the sale of her company Stat Nurse, Inc., in 1997 to Wagner. Sands alleges that Wagner breached a contract entered into by those two parties. Sands further claims that Kline and the corporate entities associated with him entered into a conspiracy with Wagner to defraud Sands of the moneys owed to her pursuant to the contract entered into by Sands and Wagner.

The jury trial in this case concluded on December 12, 2003. By order dated January 7, 2004, based upon the jury's answers to the special verdict questions and briefs submitted by the parties we entered a judgment in favor Sands. In our order #1 of March 29, 2004, we granted a defense motion for a new trial, denied Kline's motion for judgment notwithstanding the jury's verdict, and placed the case on the May, 2004, Trial List. In the order we concluded that the material facts and governing law established a breach by Sands of the contract entered into by Sands and Wagner. We stated that "a new trial should be held to evaluate the circumstances surrounding, the significance of, and the consequences of Sands's breach." (Order #1 of March 29, 2004, p. 12)

---

(...continued)
connection with all of the other pending motions. Nothing in this order should be construed as altering the parties' briefing obligations in connection with those other motions.

Sands appealed that order. The matter was remanded to us on September 25, 2005, after the Court of Appeals for the Third Circuit determined that it did not have jurisdiction over the appeal.

We are of the view that some of the pending issues discussed in our order #1 of March 29, 2004, may be addressed by way of summary judgment motions. For instance, unless there is new evidence which was not presented to the jury during the original trial, it is possible that Wagner may be entitled to summary judgment with respect to Sands's breach of contract claim and Wagner's breach of contract counterclaim. The consequences of Sands's breach could also conceivably affect her claims against Kline and the companies associated with him.

We will proceed with this case by allowing the parties a period of time to file summary judgment motions. Upon ruling on any such motion or motions, or upon the lapse of the period if no such motions are filed, we will rule on the currently pending motions and, if appropriate, proceed to trial.

NOW, THEREFORE, IT IS ORDERED THAT:

The parties may, by February 1, 2006, file motions for summary judgment.

s/Malcolm Muir  
MUIR, U.S. District Judge

MM:ga