```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


CYNTHIA SANDS,                         :
                                       :
        Plaintiff                      :   No. 4:01-CV-1475
                                       :
    vs.                                :   Complaint Filed 08/03/01
                                       :
SHERRY WAGNER, DONALD W. KLINE, II,    :
STAT NURSE, INC., STAT HEALTH          :   (Judge Muir)
SERVICES, INC., GUARDIAN HEALTH        :
SERVICES, INC., TRIAGE STAFFING        :
INC., GHS HEALTHCARE INC., NORDIC      :
INVESTMENTS, TIR PARTNERS, and         :
GUARDIAN NURSING SERVICES, INC.,       :
                                       :
        Defendants                     :
```

<u>ORDER #2  of</u>

April 25, 2006

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    The procedural and factual history of this case is set forth in our order of December 20, 2005, and our order #1 of this date. Although the parties had filed a number of other motions before we issued the December 20, 2005, order, in that order we advised the parties that we would withhold ruling on those non-dispositive motions because our rulings on the summary judgment motions could have conceivably rendered one or more of those motions moot.  In our order #1 of this date, we denied the Defendants' motions for summary judgment.  Therefore, the pending procedural motions need to be addressed.

    The following motions are pending: 1) Plaintiff Cynthia Sands's motion for leave to conduct additional limited written

discovery; 2) Defendant Donald W. Kline, II's motion to bifurcate the trial; 3) Defendant Kline's motion to designate an additional expert witness; and 4) Defendant Sherry K. Wagner's motion to amend her counterclaim.  In our order #1 of this date, we stated the following:

> In our view the pivotal issue underlying all of the causes of action presented in this case, including Wagner's counterclaim, relates to the circumstances surrounding, the significance of, and the consequences flowing from Sands's breach of the Stock Purchase Agreement.

(Order #1 of April   , 2006, p. 4)  To a large extent, the basis for our rulings on all of the pending motions relates to that pivotal issue and our observation that the issue was not adequately developed or presented to the jury in the first trial. Consequently, we will address all of the pending motions in this single order.

Sands's motion for leave to conduct additional limited written discovery was filed on October 7, 2005.  A supporting brief was filed with the motion.  On October 14, 2005, Defendants Kline; Stat Health Services, Inc.; Guardian Health Services, Inc.; and GHS Healthcare, Inc., filed an opposition brief.  Sands filed a reply brief on October 28, 2005.  Briefing on the motion was completed on December 16, 2005, upon the filing of the Defendants' sur-reply brief.

The discovery Sands seeks would be directed at ascertaining 1) "the existence, viability and financial status of Nordic

Investments, Tir Partners, and Guardian Nursing Services, Inc."; and 2) "update Plaintiff as to the current financial standing and viability of the other business entities [affiliated with Kline previously] named as defendants in this case." (Motion for Discovery, p. 2, ¶¶5, 6)

Nordic Investments, Tir Partners, and Guardian Nursing Services, Inc. were added as Defendants in this case by way of our order dated December 12, 2005, in which we granted Sands's motion to amend her complaint. Sands argued in her reply brief that the discovery she seeks is needed to determine the wealth of the Defendants, which may be relevant to the proper amount of punitive damages to be awarded, if any.

The prospect of a jury award of punitive damages is quite possible, the jury in the initial trial in this case having awarded $1,000,000.00 in such damages. Sands's motion to conduct additional discovery relating to the existence, viability and financial status of Nordic Investments, Tir Partners, and Guardian Nursing Services, Inc., has merit and we will grant it.

The next motion we will consider is that filed on November 21, 2005, by Defendant Donald W. Kline, II, and the corporate entities with which he is associated. A brief in support of the motion was filed on December 1, 2005. Sands filed her opposition brief on December 16, 2005. A reply brief was filed on December 28, 2005.

We stated in our order #1 of March 29, 2004, that

> [a] new trial is required to address the issue of whether Sands's breach was sufficiently significant to preclude Sands from bringing any claims based on the contract, or otherwise to release Wagner from her contractual obligations.

(Order #1 of March 29, 2004, p. 11) We amplified that statement in our order #1 of this date where we commented that critical issue in this case relates to "the circumstances surrounding, the significance of, and the consequences flowing from Sands's breach of the Stock Purchase Agreement." (Order #1 of April 25, 2006, p. 4)

The facts bearing on those factors include the amount of money in the bank account which was not provided to Wagner, what information Sands provided to Wagner regarding that account, and the loan obtained by Wagner through Kline from Dr. William Hauck. In essence, the inquiry focuses on Wagner's ability to conduct the business of Stat Nurse, Inc., with the amount of cash which had been available to her. The additional expert witness which Kline seeks to add to his witness list, James A. Smeltzer, will address that very issue. Kline states in his motion that

> [t]he testimony of this forensic accounting expert will assist the court and jury in understanding the impact of the depletion of the working capital by Sands and of the conversion of the corporate bank accounts by Sands, and the affect [sic] which those actions had on the viability of the corporation.

(Motion to Designate An Additional Expert witness, p. 3)

Sands concedes that we have the discretion to allow the

4

designation of an additional expert witness, but contends that Kline's motion for such relief should be denied because the denial "would not result in manifest injustice." (Opposition brief, p. 3)  We are of the view that the jury's complete understanding of the topics to be addressed by Kline's additional expert witness is essential in order to reach a fair result in this case.  In an effort to achieve that goal, we will grant Kline's motion.

The next motion to consider is Wagner's motion filed on November 23, 2005, to amend or correct her counterclaim.  A brief in support of that motion was filed on December 12, 2005. Sands's opposition brief was filed on December 27, 2005.  The time allowed for Wagner to file a reply brief expired on January 17, 2006, and no such brief was filed.

Wagner's original counterclaim against Sands stated the following:

> ... Plaintiff is liable to Defendant Wagner for damages under the common law theories of fraud, misrepresentation, promissory estoppel, and breach of contract.
>     WHEREFORE, Defendant Wagner demands judgment in her favor and against the Plaintiff in the amount in excess of $100,000.00, plus interest and costs of suit.

(Answer and Counterclaim, p. 9)  In the motion to amend her counterclaim, Wagner seeks to 1) add various detailed allegations in support of her breach of contract claim, and 2) specify her damages in the amount of $2,484,000.00, plus interest and costs. (Motion to Amend, Exhibit A)

Sands initially argues that the current motion to amend should be denied for the same reasons that we denied a similar motion which Sands had filed on January 28, 2003, shortly before the initial trial.  We denied that motion in an order dated March 7, 2003, for the following two reasons: 1) Wagner sought to add "a separate basis ... to assert a Counterclaim ..."; and 2) "a substantial continuance of the trial would be required to allow Sands to conduct any necessary discovery." (Order of March 7, 2003, pp. 3-4)

The circumstances surrounding Wagner's current motion to amend her counterclaim are substantially different than those presented to us in connection with Sands's initial motion for similar relief.  First and foremost, the evidence and information brought to our attention in the course of the first trial regarding the bank account which Sands did not provide to Wagner indicates that the new information in Wagner's proposed amended counterclaim would not add any new claim; it would merely augment the breach of contract claim already presented in her original counterclaim.  Sands will not be prejudiced at this point because she is now well familiar with the substance of the proposed amendment and may seek to conduct additional discovery if such a need therefor arises.

We will grant Wagner's motion to amend her counterclaim as set forth in the proposed amendment which she submitted as

6

Exhibit A of her motion.

To this point we have granted motions to conduct discovery, designate an additional expert witness, and amend a pleading. The effects of granting those motions require the scheduling of milestones in this case.

As is our standard practice, we will carry forward to the final pre-trial conference the motion filed by Kline to bifurcate the trial.  Information obtained by the parties between the time that Kline filed his motion and the time of the final pre-trial conference may result in more informed arguments and a more sound decision on the motion to bifurcate.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Sands's motion (Document 328) for leave to conduct additional limited written discovery is granted.
2. Kline's motion to designate an additional expert witness (Document 339) is granted.
3. Wagner's motion to amend her counterclaim (Document 342) is granted.
4. The parties shall, by May 25, 2006, exchange all expert reports.
5. Sands may, within 30 days after the date of this order, serve 7 additional interrogatories on each (for a total of 21 additional interrogatories) of the following Defendants: Nordic Investments, Tir Partners, and

       Guardian Nursing Services, Inc.  The timing and substance of the Defendants' responses to that discovery shall be in conformance with the Federal Rules of Civil Procedure.

6. The final pre-trial conference will be held on September 1, 2006, at a time to be announced.

7. This case is placed on the October, 2006, Trial List.

                                      <u>s/Malcolm Muir</u>
                                      MUIR, U.S. District Judge

MM:ga