UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA SANDS, | : | |
| | : | |
| Plaintiff | : | No. 4:01-CV-1475 |
| | : | |
| vs. | : | Complaint Filed 08/03/01 |
| | : | |
| SHERRY WAGNER, DONALD W. KLINE, II,: | | |
| STAT NURSE, INC., STAT HEALTH | : | (Judge Muir) |
| SERVICES, INC., GUARDIAN HEALTH | : | |
| SERVICES, INC., TRIAGE STAFFING | : | |
| INC., GHS HEALTHCARE INC., NORDIC | : | |
| INVESTMENTS, TIR PARTNERS, and | : | |
| GUARDIAN NURSING SERVICES, INC., | : | |
| | : | |
| Defendants | : | |

ORDER

October 9, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 12, 2003, a jury in this case returned a verdict in the form of answers to Special Verdict Questions.  On January 7, 2004, after considering those answers and the parties' motions regarding the judgment to be entered based upon the answers, a judgment was entered in favor of Plaintiff Cynthia Sands in the amount of $255,892.02 plus interest in compensatory damages, and $1,000,000.00 in punitive damages.

On March 29, 2004, we granted the Defendants' motions for a new trial and vacated the judgment.  The parties pursued appeals (which were dismissed for lack of jurisdiction), sought additional discovery, and at our prompting the Defendants filed

motions for summary judgment.  The matter was also stayed for a period because of a bankruptcy petition filed by Defendant Wagner.

We granted a defense motion to bifurcate the retrial and on March 13, 2007, a single Special Verdict Question was submitted to the jury at the conclusion of the first evidentiary phase of the retrial.  When the jury reconvened for the second evidentiary phase of the retrial on March 15, 2007, we declared a mistrial because of egregious remarks by Sands's counsel during his opening statement on the second phase.  This case is on our January 2008 Trial List to conduct the second evidentiary phase of the retrial.

On August 10, 2007, Plaintiff Cynthia Sands filed a "Motion for Reinstatement of Jury Verdict Dated December 12, 2003."  A supporting brief was filed with the motion.  On August 13, 2007, Defendant Sherry Wagner and the corporate entities with which she is affiliated (hereinafter the "Wagner Defendants") filed an opposition brief.  On September 4, 2007, Defendant Donald W. Kline, II, and the corporate Defendants with which he is affiliated (hereinafter the "Kline Defendants") filed their opposition brief.  On September 14, 2007, Sands filed a reply brief.  The time allowed for Sands to file a brief in reply to the Kline Defendants' opposition brief expired on September 21, 2007, and no such brief has been filed.

We note that in her reply brief Sands does address the
arguments made in the Kline Defendants' opposition brief.
Nonetheless, out of an abundance of caution we withheld ruling on
the motion until after the September 21, 2007, deadline passed.
Sands's motion to reinstate the jury verdict is ripe for
disposition.

Although the procedural history of this case is unique,
there is a substantial body of case law controlling our
disposition of Sands's current motion.  Perhaps the most
significant general proposition is that where an "issue ... was
decided by the jury in an earlier trial, the [party prevailing on
that issue] may not be required to relitigate the same issue when
the action is retried." Pritchard v. Liggett & Myers Tobacco Co.,
370 F.2d 95, 95-96 (3d Cir. 1966).

The Court of Appeals for the Third Circuit reaffirmed that
principle in the case of Herber v. Johns-Manville Corp., 785 F.2d
79 (3d Cir. 1986).  In Herber the plaintiff brought a products
liability action against several defendants for damages allegedly
resulting from his exposure to asbestos.  The jury

> in Special interrogatories, found that Herber's lungs
> manifested exposure to appellees' asbestos products, that
> appellees were liable for any harm caused by this exposure,
> that Herber had suffered a physical injury ..., but that
> Herber had suffered no loss for which compensation should be
> paid.  Specifically, the jury found that the plaintiff had
> experienced an "injury to his lungs," that exposure to
> appellees' "asbestos containing products" was the proximate
> cause of plaintiff's injury, and that the "sum of money
> [which] would fairly, reasonably, and adequately compensate

plaintiff for injuries attributable to defendants' products"
was "none." ...  The trial court entered a judgment in favor
of appellant in the amount of zero dollars.

Id., at 81.

On appeal by the plaintiff, the Court of Appeals for the
Third Circuit vacated the judgment and remanded the case for a
retrial because evidentiary rulings made by the district court
constituted abuses of discretion which improperly precluded two
of the plaintiffs' issues from being submitted to the jury.  With
respect to the scope of the issues to be retried, the Court of
Appeals stated the following:

> It follows that the judgment below must be vacated and that
> this case must be returned to the trial court for further
> proceedings.  It does not follow, however, that those
> proceedings must involve a retrial of all of the issues in
> this case.  The errors we perceive in the trial record
> relate solely to issues that should have been submitted to
> the jury and were not, and we see no reason why the jury's
> resolutions of the issues which were tried should not stand.

Id., p. 85-86.  In the penultimate paragraph of its opinion, the
court expressly commented that "[t]he jury should be specifically
instructed that the prior jury's findings ... are now the law of
[the] case and must be accepted as true." Id., p. 90.

We will apply those legal principles to the following
historical and procedural facts in considering Sands's motion to
reinstate the initial judgment entered in this case.

This is the sixty-second order which we have prepared and
issued in this case.  The precise details of the prior
significant rulings and milestones in this case are set forth in

4

our orders entered on the following dates and need not be
repeated here: 1) Order #1 of March 29, 2003 (in which we granted
the Defendants' motions for a new trial); 2) order #1 of April
25, 2006 (in which we denied the Defendants' motions for summary
judgment); 3) September 11, 2006 (in which we granted the Kline
Defendants' motion to bifurcate this case); 4) November 21, 2006
(embodying our rulings on issues regarding the manner in which
the bifurcated trial would proceed); 5) July 24, 2007 (in which
we denied the Defendants' motions for judgment as a matter of law
or, in the alternative, for a new trial); and 6) September 25,
2007 (in which we denied the Defendants' motions to dismiss a
number of Sands's claims).

　　　Sands frames the pivotal issue in her pending motion as
follows:

> Whether this court must reinstate the jury verdict from
> December 12, 2003[,] where all issues have now properly been
> decided, with the error precipitating this court granting a
> second trial now rectified as a matter of law and fact?

(Brief in Support of Motion to reinstate Jury Verdict of December
12, 2003, p. 12)  Sands's fundamental contentions are that 1)
"[a]ll issues in the above-captioned matter have been properly
decided," 2) "[t]he error [in the initial trial related to an
issue] 'so distinct and separable' from all other issues in the
case that it could independently be resolved by a subsequent jury
through a single Special Verdict Question" in the first
evidentiary phase of the retrial, and 3) "[r]einstatement of the

December 12, 2003[,] jury verdict promotes convenience, judicial economy, and avoids prejudice." (Id., pp. 14, 15, 17)

The initial jury trial commenced on December 8, 2003.  The evidentiary phase of that trial concluded on December 11, 2003. On December 12, 2003, counsel made their closing arguments, the court gave the jury its final instructions, and twenty-two Special Verdict Questions were submitted to the jury.  The jury's answer was "No" to the following Special Verdict Question:

> Did Cynthia Sands breach the Stock Purchase Agreement with Sherry Wagner by ... directly or indirectly engaging in any activity that adversely affected the business of Stat Nurse, Inc.?

(Special Verdict Question 21)

The contract at issue was entitled "Stock Purchase Agreement," and provided for the sale from Sands to Wagner of all of the stock to Stat Nurse, Inc.  Our research indicated that, as a matter of Pennsylvania law, Sands breached the Stock Purchase Agreement by failing to turn over to Wagner the corporate checking account and by converting all of the corporate bank account to her own use.  In light of that legal determination, we ruled that the jury's answer to Special Verdict Question number 21 was against the weight of the evidence.  The only error committed in connection with the initial jury trial was one of omission; the threshold question of whether Sands's retention of the Stat Nurse, Inc., checking account constituted a material breach was not submitted to the jury.  No party requested us to

6

submit a Special Verdict Question to the jury on that issue.

Because the issue of whether Sands's retention of the corporate bank account amounted to a material breach was never presented to the jury, we concluded that the jury's answers to the other Special verdict Questions were called into question and we granted the Defendants' motions for a new trial.  In the order granting a new trial we stated that "a new trial should be held to evaluate the circumstances surrounding, the significance of, and the consequences of Sands' breach." (Order #1 of March 29, 2004, pp. 11-12)

As noted in our prior orders, Pennsylvania law provides that 1) Sands could proceed against Wagner for any breach of the Stock Purchase Agreement committed by Wagner if Sands's retention of the corporate bank account was an immaterial breach of the Stock Purchase Agreement, and 2) the question of whether a breach is material is one of fact reserved for the jury.

The Kline Defendants filed a motion to bifurcate the retrial by considering in an initial evidentiary phase the single issue of whether Sands materially breached the Stock Purchase Agreement.  In the order granting that motion we ruled that

> [t]he issue of whether Sands's conduct amounted to a material breach of a duty to perform imposed upon her by the Stock Purchase Agreement will be submitted to the jury in a separate first phase of the trial.

(Order of September 11, 2006, p. 7)

The only Special Verdict Question submitted to the jury at

7

the conclusion of the retrial's initial evidentiary phase was the following: "Did Plaintiff Cynthia Sands materially breach the Stock Purchase Agreement by retaining the corporate bank account?"  The jury's response to that question was "No."

At that point the error of omission committed in connection with the first trial was cured.  The error relating to the initial jury trial did not affect any other issue in the case.

The Defendants acknowledge case law from the Court of Appeals for the Third Circuit providing that "the District Court could permit a partial new trial where the issue to be retried is so distinct and separable from others that a trial of it alone may be had without injustice." (Kline Defendants' Opposition Brief, p. 4)(citing <u>Vizzini v. Ford Motor Co.</u>, 569 F.2d 754 (3d Cir. 1977)  They argue that "[t]he materiality of Plaintiff's breach is 'intertwined' with all of the liability and damage issues ...." (Kline Defendants' Opposition Brief, p. 9) As noted by Sands, that argument is exactly the opposite of the assertions made by the Kline Defendants in their motion to bifurcate the retrial in this case.  As we stated in the order granting the Kline Defendants' motion to bifurcate, we view the materiality of Sands's breach as being an issue which is separate and distinct from the other issues addressed in the initial trial.

The Defendants next contend that the initial judgment may not be reinstated because "the parties at the second trial of the

case which commenced on March 8, 2007, are different from the parties which were present at the first trial of the case in December of 2003." (Kline Defendants' Opposition Brief, p. 4)   We agree with Sands's observation that "this issue should be moot in that ... the relief sought by Sands does not affect [the] three additional Defendants." (Reply Brief in Support of Motion to Reinstate Verdict, p. 10)   Because the subsequently added parties are not named in the original judgment, in the absence of further proceedings to ascertain their liability, no action adverse to them may be taken at this time.

The Defendants also argue Sands's pending motion should be denied because "this Court ... recognized that the jury verdict from the December 2003 trial was against the weight of the evidence ...." (Kline Defendants' Opposition Brief, p. 5)   That is an erroneous statement.   Our comment specifically identified the jury's answer to Special Verdict Question 21 as being against the weight of the evidence, which cast doubt on the jury's answers to the other questions.   At that point in time those observations were absolutely accurate.   To the extent that any of our prior statements could be construed in some other manner, we take this opportunity to flatly state that the error committed in connection with the first trial was limited to the failure to submit to the jury the threshold question of whether Sands's retention of the Stat Nurse, Inc., bank account constituted a

material breach of the Stock Purchase Agreement.

However, as stated above, the basis for questioning any error relating to the first trial has been cured by way of parsing out the materiality issue and submitting it to the second jury in the initial phase of the retrial.  The deficiency prompting a retrial was the lack of evidence or argument on the issue of the materiality of Sands's breach.  The components lacking from the initial trial were introduced and considered by the jury in the first evidentiary phase of the retrial.

The evidence relating to the initial jury's answer to Special Verdict Question Number 21 was submitted to and considered by the second jury in the first evidentiary phase of the retrial.  The two juries have resolved all of the factual issues in this case.  The answers returned by the first jury are consistent with the additional answer provided by the second jury.  At this point no error affects any of those answers.

The Defendants' further argue that "Sands's breach of contract is also relevant to a host of other issues in the case, ...." (Kline Defendants' Opposition Brief, p. 5)  For the purposes of this order we will accept that statement as true. The concept of relevance is extremely broad and the relevance of one issue to another is not a critical, let alone decisive, factor with respect to Sands's pending motion.  The Defendants fully litigated all aspects of Sands's alleged breach, except for

its materiality, in the first trial.  The materiality issue was answered in the first evidentiary phase of the retrial.  The Defendants have not asserted any persuasive reason to discount the initial jury's responses to the Special Verdict Questions. We repeat that the error prompting the retrial was one of omission relating only to Special Verdict Question Number 21 and it has been cured.

There are compelling parallels to be drawn between the procedural posture of this case and the circumstances addressed by the Court of Appeals for the Third Circuit in Herber.  In both cases a jury made findings of fact by answering Special Verdict Questions, at least one significant issue was erroneously not submitted to the jury, and a retrial was required to address the omitted issue.  We find the similarities sufficiently compelling to apply all of the reasoning and conclusions of that case to Sands's pending motion.

Based on Herber, we are of the view that the initial jury's responses to the Special Verdict Questions remain valid, establish the law of the case, and may be employed in conjunction with the subsequent jury's finding concerning the immateriality of Sands's breach to reinstate the initial jury's verdict.  The Defendants have simply not presented any adequate reason to ignore the initial jury's answers to the Special Verdict Questions.  We see no need to conduct the second evidentiary

11

phase of the retrial because it will, in all material aspects, merely repeat the proceedings held in the first trial.

We will grant Sands's motion to reinstate the original jury verdict.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Sands's "Motion for Reinstatement of Jury Verdict Dated December 12, 2003" (Document 531) is granted

2.   The Clerk of Court shall reinstate the judgment initially entered on January 7, 2004, and vacated on March 29, 2004.

3.   The Clerk of Court shall close this case.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gja